UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>
NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark
May and Paul Markwitz,

                      AND

NEW YORK STATE TEAMSTERS COUNCIL
HEALTH AND HOSPITAL FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark
May and Paul Markwitz,

                                  Plaintiffs,         **COMPLAINT**
                      -vs-
                                                               Case No.: 5:19-CV-0163 (GTS/TWD)

CRANESVILLE BLOCK CO., INC.,

                                  Defendant.
_____

      The Plaintiffs, New York State Teamsters Conference Pension & Retirement Fund and its Board of Trustees (hereinafter referred to as the "Pension Fund"), and New York State Teamsters Council Health & Hospital Fund (hereinafter referred to as the "Health Fund") by its attorneys, Paravati, Karl, Green & DeBella, LLP, complaining of the Defendant herein, respectfully allege and state that:

<u>**JURISDICTION AND VENUE**</u>

      1. The instant action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 <u>et</u> <u>seq</u>., and the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. §141 <u>et</u> <u>seq</u>., as hereinafter more fully appears.

1

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §1132 (a)(3) and,(e)(1) and 29 U.S.C. §185.

3. Venue properly lies in the United States District Court for the Northern District of New York (hereinafter referred to as the "Northern District") pursuant to 29 U.S.C. §1132(e)(2) since the Pension Fund and Health Fund are located and administered within said Northern District.

4. Venue also lies in the United States District Court for the Northern District of New York pursuant to the terms of the participation agreements and venue rules of the Pension Fund and Health Fund.

**PARTIES**

5. The Pension Fund and Health Fund are separate and distinct employee benefit funds which were created and exist pursuant to Agreements and Declarations of Trust entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters (hereinafter referred to as the "Teamsters") and are multi-employer plans (hereinafter referred to as the "Plan" or "Plans") as defined in 29 U.S.C. §1002(37)(A).

6. The Pension Fund and Health Fund both have their respective offices at, and are administered from, 151 Northern Concourse, Syracuse, New York 13212.

7. John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May and Paul Markwitz are the individual trustees of the Pension Fund and Health Fund and are "fiduciaries" of the respective funds as defined in 29 U.S.C. §1002(21).

8. As a condition precedent to participating in the Pension Fund and Health Fund Plans, employers must execute both a collective bargaining agreement with the Teamsters and a

participation agreement with the respective Funds which require the employer to make benefit contributions on behalf of all of its eligible and appropriate employees. The respective participation agreements also set forth the terms and conditions by which the employer must contribute to the respective Funds.

9. Upon information and belief, and at all times herein mentioned, Cranesville Block Co., Inc., (hereinafter referred to as "Cranesville"), is a domestic corporation with offices at 1250 Riverfront Center, Amsterdam, N.Y. 12010 and is an "employer" as defined in 29 U.S.C. §1002(5).

10. Upon information and belief, and at all times herein mentioned, Cranesville was a participating employer in the Pension Fund Plan and Health Fund Plan, signatory to said Funds' respective participation agreements, and signatory to corresponding collective bargaining agreement(s) with Teamsters Locals 294 and 317 (Pension Fund) and Teamsters Locals 445 and 317 (Health Fund) ("Agreements").

11. As a participating employer, Cranesville is also bound by the terms of the Trust Agreement, Agreements and Plan documents as well as the rules and regulations adopted by the Trustees.

### **FIRST COUNT**

12. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "11" inclusive above.

13. Pursuant to the provisions of each Funds' participation agreement, collective bargaining agreement and Plan, Cranesville agreed to make certain benefit contributions to

the Plaintiffs on behalf of all of its covered employees; further, and pursuant to 29 U.S.C. §1145, Cranesville is required to contribute to the Plaintiffs in accordance with the terms, rules and regulations of the Plan and/or agreements to which Cranesville was a party.

14. Pursuant to the Pension Fund's and Health Fund's respective participation agreements, Plans, and Plan documents, Cranesville further agreed that the Plaintiffs could audit its books and records in order to determine if contributions were properly made on behalf of all covered employees. In the event the audit disclosed that Cranesville did not fully comply with the terms of the participation agreements and Plan documents, and that contributions were not properly made, Cranesville would be liable for all contribution delinquencies, liquidated damages, and audit fees, along with interest, costs and reasonable attorneys' fees pursuant to ERISA, 29 U.S.C. §1132(g)(2).

15. On or about April 19, 2017, the Plaintiffs conducted an audit of Cranesville's books and records wherein it was determined that Cranesville owes the Pension Fund delinquent employee benefit contributions, liquidated damages, and audit fees in the amount of $8,589.31 for the period January, 2013 through December, 2016 (hereinafter referred to as the "Pension Fund Audit Liability").

16. On numerous occasions, the Pension Fund notified Cranesville of the Pension Fund Audit Liability and made demand for payment of same.

17. Cranesville thereafter remitted partial payments on the liability, thereby leaving a balance due and owing of $864.13 as of January 31, 2019.

18. Despite numerous and repeated requests for payment of the balance, Cranesville has failed, refused and/or neglected to remit payment of the balance to the Pension Fund.

19.  Cranesville's failure and refusal to satisfy the Pension Fund Audit Liability is in violation of ERISA, 29 U.S.C. §1145, as well as the terms of the Plan, Plan documents and/or agreements that require payment of the contributions, liquidated damages and audit fees due the Pension Fund.

20. Accordingly, Cranesville is liable to the Pension Fund in the amount of $864.13 for delinquent employee benefit contributions, liquidated damages and audit fees as of January 31, 2019, along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the terms of the Plan, Plan documents and/or agreements to which Cranesville was a party.

## SECOND COUNT

21.  Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "20" inclusive above.

22.  In regard to the aforesaid delinquent employee benefit contributions, federal law mandates that the Pension Fund be awarded additional compensatory relief.  Pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund shall be awarded, in addition to the unpaid employee benefit contributions, liquidated damages and audit fees, interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

23.  Since the instant action was commenced by the Plaintiffs pursuant to ERISA, in the event judgment is awarded in favor of the Pension Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund requests the unpaid balance of the audit liability in the amount of $864.13 due as of January 31, 2019; interest at a Fund determined rate; an additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan; reasonable attorneys' fees; and costs.

## THIRD COUNT

24. Plaintiffs repeat, reallage and incorporate herein all of the allegations contained in paragraphs "1" through "23" inclusive above.

25. On or about April 19, 2017, at and during the same audit of Cranesville's books and records mentioned above, it was determined that Cranesville owes the Health Fund delinquent employee benefit contributions, liquidated damages, and audit fees in the amount of $101,192.53 for the period January 2013 through December 2016, (hereinafter referred to as the "Health Fund Audit Liability").

26. The Health Fund notified Cranesville of the Health Fund Audit Liability and made demand for payment of same. Cranesville thereafter remitted partial payments on the liability, thereby leaving a balance due and owing in the amount of $57,478.27 as of January 31, 2019.

27. Despite numerous and repeated requests for payment of the balance, Cranesville has failed, refused and/or neglected to remit any further payment to the Health Fund.

28. Cranesville's failure and refusal to satisfy the Health Fund Audit Liability is in violation of ERISA, 29 U.S.C. §1145, as well as the terms of the Plan, Plan documents and/or agreements that require payment of contributions, liquidated damages and audit fees due the Health Fund.

29. Accordingly, Cranesville is liable to the Health Fund in the amount of $57,478.27 for delinquent contributions, liquidated damages and audit fees as of January 31, 2019, along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the Plan, Plan documents and/or agreements to which Cranesville was a party.

## FOURTH COUNT

30. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "29", inclusive above.

31. In regard to the aforesaid delinquent employee benefit contributions, federal law mandates that the Health Fund be awarded additional compensatory relief. Pursuant to 29 U.S.C. §1132(g)(2), the Health Fund shall be awarded, in addition to the unpaid employee benefit contributions, liquidated damages and audit fees, interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

32. Since the instant action was commenced by the Plaintiffs pursuant to ERISA, in the event judgment is awarded in favor of the Health Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Health Fund requests the unpaid balance of the audit liability in the amount of $57,478.27 due as of January 31, 2019; interest at a Fund determined rate; an additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan; reasonable attorneys' fees; and costs.

WHEREFORE, Plaintiffs demand judgment against Cranesville as follows:

FOR THE PENSION FUND

A. The sum of $864.13 due the Pension Fund for delinquent employee benefit contributions, liquidated damages and audit fees as of January 31, 2019.

B. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

C. Interest on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

D.  An additional award of the greater of interest or liquidated damages on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(C).

E.  Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D).

F. Such other and further relief as to this Court may seem just and proper.

<u>FOR THE HEALTH FUND</u>

G.  The sum of $57,478.27 due the Health Fund for delinquent employee benefit contributions, liquidated damages and audit fees as of January 31, 2019.

H. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

I. Interest on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

J. An additional award of the greater of interest or liquidated damages on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(C).

K. Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D).

L.  Such other and further relief as to this Court may seem just and proper.

Dated: February 8, 2019        **PARAVATI, KARL, GREEN & DEBELLA, LLP**
Utica, New York

By: /s/ Vincent M. DeBella
Vincent M. DeBella, Esq. (101465)
Gerald J. Green, Esq. (101850)
Attorneys for Plaintiffs
**OFFICE & P.O. ADDRESS**
520 Seneca Street, Suite 105
Utica, New York 13502
Tel: (315) 735-6481
Fax: (315) 735-6406
E-mail: vdebella@pkgdlaw.com
E-mail: gjgreen15@yahoo.com